UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Daniel Masih and Sonia William,<br>Plaintiffs,<br><br>v.<br><br>Mike Hankey, Ambassador,<br>U.S. EMBASSY, DJIBOUTI.<br><br>John Armstrong, Assistant Sec. of State, Bureau of Consular Affairs, DEPARTMENT OF STATE.<br><br>Marco Rubio, Secretary,<br>DEPARTMENT OF STATE.<br><br>Defendants | Case No. 2:25-cv-<br><br>Petition for Declaratory, Mandamus, and Injunctive Relief<br>5 U.S.C. § 706 (Administrative Procedures Act) |

## Introduction

1. This is an action for declaratory, mandamus and injunctive relief. Plaintiff Daniel Masih ("Mr. M") is a man residing in India. Plaintiff Sonia William ("Ms. W.") is a woman residing in Michigan. Over four years ago, Ms. W properly submitted an I-130, with Mr. M as the beneficiary, on February 11, 2021, which Petition Number was IOE9247268671. *See* Exhibit 1. On May 25, 2021, Plaintiffs' I-130

application was approved. *See* Exhibit 1. However, to date, no decision has been made on Mr. M's I-130 application, and Mr. M's case has been held by the U.S. Consulate General for administrative Processing. *See* Exhibit 1. Mr. M is entitled to be scheduled for an interview and to receive a decision on his I-130 application within a reasonable amount of time. *See*.

2. However, to this day, Mr. M's application remains within the jurisdiction of Defendants, who have improperly withheld action on his petition for over 54 months, in opposition to the rights and privileges of Mr. M. Therefore, Plaintiff brings this action to obtain an order compelling the U.S. Consulate General in Mumbai, India, to schedule an interview and/or finalize a review of Mr. M's I-130 Application and adjudicate Mr. M's application pursuant to statute and without further unreasonable delay.

**Subject Matter Jurisdiction**

3. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1361. The mandamus statute vests original jurisdiction in the federal courts. It provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus." 28 U.S.C. § 1361.

4. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). The statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This action arises under the Immigration and Nationality Act which is a law of the United States.

5. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1329 and § 1651, which provide for the jurisdiction of district courts.

6. The court has subject matter jurisdiction under 28 U.S.C. § 1346(a)(2) (United States as defendant). This is a civil action against the officers and agencies of the United States founded upon an Act of Congress and a regulation of an executive department.

7. Jurisdiction lies to grant declaratory relief pursuant to 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

8. Jurisdiction is also provided by 5 USC Secs. 555(b) and 706, being of the Administrative Procedures Act ("APA"). Sec. 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it"). If the agency fails to render

a decision within a reasonable time, the Court has power under 5 U.S.C. § 706(1) to compel the agency to do so. 5 U.S.C. § 706(1) (conferring power on the U.S. District Courts to compel agencies to perform "action unlawfully withheld or unreasonably delayed"). As set forth below, the delay of more than two years in processing the Plaintiffs I-485 application is unreasonable.

9. Section 242 of the INA, 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA§ 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of' various forms of relief from removal, or (ii) "any other decision or action ... the authority for which is specified ... to be in the discretion of the Attorney General or the Secretary of Homeland Security." Because the adjudication of a properly filed I-485 application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. See 8 C.F.R. § 335.3(a). Through this complaint, the Plaintiff is not challenging a decision on his I-485 application, as no decision has yet been made. Rather, the Plaintiff seeks

an order compelling the Defendants to take action, including the prompt scheduling of an interview. This relief sought is not discretionary but is by definition a mandatory duty.

**Venue**

10. Pursuant to 28 U.S.C. § 1391(e) and 28 U.S.C. § 2891(e), venue is proper in the Eastern District of Michigan, as Petitioner's action is against officers and agencies of the United States in their official capacities brought in a district where Petitioner resides, and all of the Respondents can be properly served.

**Parties**

11. Plaintiff Mr. M is a native and citizen of India.

12. Plaintiff Ms. W, Mr. M's daughter, applied for a family visa for Mr. M.

13. Defendant Mike Hankey is the Consul General of the U.S. Embassy and Consulates in India. He exercises authority over Embassy activities related to visa applications. He is sued in his official capacity.

14. Defendant Marco Rubio is the Secretary of the U.S. Department of State (DOS). As Secretary of State (SOS), Defendant Rubio directs the

administration of the entire DOS, establishes and implements governing DOS policies, practices, and procedures including the adjudication of immigrant visas, and oversees all State Department Embassies and Consulates, which includes the delegated Consular personnel who should complete the adjudication of Plaintiff Mr. M's Immigrant visa application. Defendant Rubio is sued in his official capacity.

15. Defendant John Armstrong is the Deputy Secretary of State for the Bureau of Consular Affairs. In this role, Defendant Armstrong serves the interests of interests of U.S. citizens abroad and foreign nationals who seek to connect to the United States through the issuance of visas to qualified visitors, workers, and immigrants. The Bureau of Consular affairs oversees all U.S. Embassies and Consulates. Defendant Armstrong is sued in his official capacity.

16. Defendant Bureau of Consular Affairs ("CA") is a component of Defendant DOS that formulates and implements policy relating to immigration and consular services and should ensure responsive and efficient provision of consular services overseas. Responsibility for these functions is vested within the Department of State in the Assistant

Secretary for Consular Affairs and for their implementation abroad in consular officers assigned to embassies and consulates abroad.

17. Defendant Department of State ("DOS") is a cabinet department of the U.S. federal government pursuant to 22 U.S.C. § 2651 and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). DOS serves as the lead U.S. foreign affairs agency, and is responsible, inter alia, for leading and coordinating U.S. representation abroad including through U.S. Embassies and consulates in foreign countries. DOS oversees the Bureau of Consular Affairs and its implementation of federal law and policy with respect to visa applications.

**Argument**

18. More than four years have elapsed since the filing of Mr. M's complete I-130 application, which was received on February 11, 2021, and approved by USCIS on May 25, 2021.

19. The Defendants have taken no meaningful action on the Application for Mr. M since that date, other than to inform Plaintiffs that Mr. M's application was put under administrative processing as of October 17, 2024. *See* Exhibit 1.

20. Plaintiffs have been harmed by Defendants' continued failure to

take action and timely adjudicate Mr. M's visa application based upon his approved I-130 petition. 15. Pursuant to *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992), Plaintiffs have standing to bring this matter, as Defendant's refusal to adjudicate Mr. M's application is a concrete injury, which requires this court's intervention to remedy. *Lujan v. Defenders of Wildlife*, 504 U.S. 560-61 (1992).

21. The delay has harmed Mr. M. has been harmed in his ability to pursue a visa, as well as the benefits afforded with a visa. The delay has also caused undue anxiety and stress in Mr. M and Ms. W.

## Claims for Relief

### Count I
### Unreasonable Delay in Agency Action
### 5 U.S.C. § 555(b)

22. All previous paragraphs are incorporated as though fully set forth herein.

23. The Defendants have a statutory obligation to process the application for Mr. M within a reasonable time. 5 U.S.C. § 555(b).

24. The Defendants delay in excess of four years is unreasonable and therefore violates 5 U.S.C. § 555(b).

**Count II**
**Mandamus**
**28 U.S.C. § 1361**

25. All previous paragraphs are incorporated as though fully set forth herein.

26. The Mandamus Act, 28 U.S.C. § 1361, grants authority to courts to compel defendants to perform a duty owed to plaintiff.

27. The Defendants have a regulatory, ministerial obligation to review, approve, or deny all Applications for a visa pursuant to 5 U.S.C. § 706(1).

28. The Defendants' failure to perform this duty for more than four years violates the regulation.

**Request for Relief**

**WHEREFORE**, Plaintiffs request that the Court grant the following relief:

A. Declare that Defendants have a duty to adjudicate Mr. M's Application for a visa;

B. Order Defendants to review, and approve or deny Mr. M's Application for a visa;

C. Award Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 2412; and

D. Award all other relief to Plaintiffs that it deems just, equitable, and proper.

Respectfully submitted this 7th day of April, 2025.

/s/ *Christopher J. Acklin*
**Christopher J. Acklin**
*Acklin Law Office, PLC*
P.O. Box 18
Otsego, MI 49078-0018
(269) 680-3662 (tel)
chris@acklinlawoffice.com