UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL MASIH et al.,

Plaintiffs,

v.

MARCO RUBIO, United States
Secretary of State, et al.,

Defendants.

Case No. 25-10987
Honorable Shalina D. Kumar
Magistrate Judge Patricia T. Morris

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 6)**

## I.      Introduction

Daniel Masih ("Masih") and his daughter, Sonia William ("William") (together "Plaintiffs"), commenced this mandamus action to compel the United States Secretary of State Marco Rubio and other federal officials to direct consular officials to further adjudicate Masih's immigration visa after a consular officer refused it. ECF No. 1. Defendants moved to dismiss the complaint. ECF No. 6. The motion is fully briefed, ECF Nos. 7, 11, and the Court finds a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the Court grants the motion.

Page **1** of **8**

## II.     Factual and Procedural Background

William is a U.S. citizen, and her father, Masih, is a citizen and resident of India. William filed a Form I-130 Petition for Alien Relative ("Petition") on Masih's behalf. The Petition was approved in May 2021, with all necessary paperwork completed on May 15, 2024. On October 17, 2024, Masih appeared for a consular interview at the United States Embassy in Mumbai, India. At the conclusion of the interview, the consular officer refused Masih's visa application under 8 U.S.C. § 1201(g).[1] ECF No. 6, PageID.35.

Plaintiffs filed this lawsuit seeking mandamus relief and alleging a cause of action under the Administrative Procedure Act ("APA"). They seek to compel the Secretary of State and other federal officials to further adjudicate Masih's immigration visa application. Defendants move to dismiss the complaint asserting: (1) Plaintiffs lack standing because the State Department refused Masih's visa application; (2) Plaintiffs fail to state a claim under the APA; and (3) the Court lacks subject matter jurisdiction over Plaintiffs' mandamus claim. *See generally*, ECF No. 6.

---

[1] Plaintiffs do not acknowledge that Masih's visa application was refused in their complaint. It is mentioned for the first time in their response to Defendants' motion to dismiss. *Compare* ECF No. 1 *with* ECF No. 7.

### III.   Standard of Review

Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action where the district court lacks subject matter jurisdiction. Rule 12(b)(1) motions for lack of subject matter jurisdiction may challenge either (1) the facial sufficiency of the pleading itself, or (2) the factual grounds for invoking subject matter jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Facial challenges address whether the pleading alleges a basis for subject matter jurisdiction. The Court views the pleading's allegations as true and construes them in the light most favorable to the nonmoving party. *Id*.

Whether a party has standing raises an issue of the Court's subject matter jurisdiction under Rule 12(b)(1). *Lyshe v. Levy,* 854 F.3d 855, 857 (6th Cir. 2017). The plaintiff, as the party invoking federal jurisdiction, carries the burden of establishing the elements of standing. *Ward v. Nat'l Patient Account Servs. Sols.*, 9 F.4th 357, 363 (6th Cir. 2021).

### IV.   Analysis

Congress vested federal district courts with original jurisdiction over various subject matters through statutory enactment. *See, e.g.*, 28 U.S.C. §§ 1331 (federal question), 1361 (mandamus relief against federal officers,

employees, and agencies).[2] Yet, "[n]o matter what Congress provides by statute, the plaintiff must still satisfy" the federal constitution's Article III "standing prerequisites." *Buchholz v. Tanick*, 946 F.3d 855, 867 (6th Cir. 2020). Article III of the United States Constitution limits federal court jurisdiction to actual cases or controversies. U.S. Const. art. III, § 2. The doctrine of standing emanates from this "case-or-controversy" requirement and "limits the category of litigants empowered to maintain a lawsuit in federal court to [those who] seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016). Requests for mandamus relief are not exempt from Article III's "case-or-controversy" requirement. *See Hussein v. Beecroft*, 782 F. App'x 437, 441-43 (6th Cir. 2019) (affirming dismissal of mandamus petition on Article III mootness grounds); *see also In re Nat'l Prescription Opiate Litig.*, Nos. 22-3493/3653, 2022 U.S. App. LEXIS 34312, at *19 (6th Cir. Dec. 13, 2022) (concluding that mandamus petitioners lacked Article III standing).

---

[2] As for the APA, the United States Court of Appeals for the Sixth Circuit has ruled that "[t]he APA is not a jurisdiction-conferring statute; it does not directly grant subject matter jurisdiction to the federal courts." *Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 494 (6th Cir. 2014).

Since this case is at the pleading stage, Masih and William must "clearly…allege facts demonstrating" (1) an imminent, concrete, and particularized injury-in-fact, that (2) is traceable to defendants' conduct, and (3) can be redressed through a favorable judicial decision. *Spokeo*, 578 U.S. at 338 (quotation omitted); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

Plaintiffs lack Article III standing because the complaint fails to plausibly illustrate how they suffered a redressable injury-in-fact that is both concrete and particularized, *i.e.*, the first and third Article III standing requirements.

The Immigration and Nationality Act ("INA") mandates that "[a]ll immigrant visa applications shall be reviewed and adjudicated by a consular officer." 8 U.S.C. § 1202(b). After an interview, the consular officer must issue the visa or refuse the application if the alien is ineligible. 8 U.S.C. § 1201(a), (g). The statute's implementing regulations impose the same decision tree. *See* 22 C.F.R. § 42.81(a) ("When a visa application has been properly completed and executed before a consular officer…the consular officer must issue the visa" or "refuse the visa under INA 212(a) or 221(g) or other applicable law"). No statute, regulation, or any other legal

authority contains a "specific, unequivocal command" that the consular officer must "issue a final, unreviewable decision on a visa, or…conduct or complete administrative processing once a visa has been refused." *Sankari v. United States Dep't of State*, 2025 WL 1550231, at *5, (E.D. Mich. May 30, 2025); *see also Karimova v. Abate*, 2024 WL 3517852, at *6, (D.C. Cir. Jul. 24, 2024) (holding that the plaintiff failed to identify "an adequate legal basis" for a consular officer "to make yet another 'final decision' on her already-refused visa application.").

The consular officer at the United States Embassy in India refused Masih's visa application pursuant to 8 U.S.C. § 1201(g). ECF No. 6-3, PageID.58. This refusal "reflects that the consular officer determined that" Masih "failed to meet [his] burden to establish eligibility for the visa sought" – which is all "the INA and its regulations require." *Sankari*, 2025 WL 1550231, at *5, (cleaned up). Whether the consular officer or some other State Department official is authorized to later "reconsider this refusal is immaterial, when no statute, regulation, or other source imposes a duty to reconsider it." *Id*. (quotation omitted); *see also Sackett v. EPA*, 566 U.S. 120, 127, 132 S.Ct. 1367, 182 L.Ed.2d 367 ("The mere possibility that an

agency might reconsider…does not suffice to make an otherwise final agency action nonfinal.").

Plaintiffs point to several cases holding that a consular visa refusal is not a final determination. According to these opinions, State Department officials are obligated to further evaluate the visa application, post-refusal, and either issue the visa or deny it. ECF No. 7, PageID.69-70 (collecting cases). Consistent with this approach, a redressable legal harm would exist to confer Article III standing here. But these decisions ignore the plain reading of both the INA and its implementing regulations in that neither provision requires a consular officer "to reach a more definitive decision on an application that has already been refused." *Sankari*, 2025 WL 1550231, at *5 (quotation omitted); *see also Karimova*, 2024 WL 3517852, at *4, ("Karimova's argument hinges on defining what it means to conclude a visa application in a manner that neither a federal statute nor regulation clearly requires.").

Without plausible allegations of a concrete and particularized injury that is redressable, Plaintiffs have "no standing to sue and thus no basis for moving forward with" their substantive claims. *Shelby Advocates for Valid Elections v. Hargett*, 947 F.3d 977, 982 (6th Cir. 2020). "[T]he only function

Page **7** of **8**

remaining to the court is that of announcing th[is] fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quotation omitted); *see also Freed v. Thomas*, 976 F.3d 729, 739 (6th Cir. 2020).

Because the issue of standing is dispositive in this case, the Court need not address Defendants' other arguments.

## V.   Conclusion

Accordingly, the Court **GRANTS** Defendants' motion to dismiss. ECF No. 6. This case is now closed.

**IT IS SO ORDERED**.

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: February 20, 2026